**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

JOSE ANTONIO AROCHI )
)
    Canoa 235 Torre 1, Depto. 804 )
    Colonia Progreso Tizapán )
    Delegación Alvaro Obregón )
    Mexico City, Mexico  10090 )
)
        Plaintiff, )
)
v. )
)
NOVAK DRUCE CONNOLLY BOVE )
    & QUIGG LLP )        Jury Trial Requested
    1000 Louisiana Street )
    53rd Floor )
    Houston, TX 77002 )
)
BURTON AMERNICK )
    6105 Nightshade Ct. )
    Rockville, MD 20852 )
)
TRACY DRUCE )
    104 Tanglewood Street )
    Baytown, TX 77520 )
)
GREGORY NOVAK )
    2220 Looscan Lane )
    Houston, TX 77019 )
)
MATTHEW TODD )
    1307 Regal Shores Court )
    Kingwood, TX 77345 )
)
    and )
)
POLSINELLI PC )
    900 W. 48th Place )
    Suite 900 )
    Kansas City, MO 64112 )
)
        Defendants. )
_____)

1

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF AND JURY DEMAND

### Preliminary Statement

1.        This is a civil action against Novak Druce Connolly Bove & Quigg LLP ("Novak Druce") for declaratory, injunctive, and equitable relief and monetary damages for injuries Plaintiff Jose Antonio Arochi has sustained as a result of Novak Druce's breach of contract, its failure to pay his wages in violation of the District of Columbia Wage Payment and Collection Law, and Novak Druce's unjust enrichment.  Mr. Arochi entered into an agreement with Novak Druce during his employment at Novak Druce's District of Columbia office, under which Novak Druce was obligated to pay to him certain commission payments described below.  Novak Druce failed and refused to make those payments, causing Mr. Arochi significant economic damage. This is also an action against Gregory Novak, Tracy Druce, Burton Amernick, and Matthew Todd, officers or managing partners of Novak Druce who were responsible for or who authorized the failure to pay Mr. Arochi the wages due to him, in violation of the District of Columbia Wage Payment and Collection Law, and for unjust enrichment.  Finally, this is an action against all Defendants for retaliation in violation of the District of Columbia Wage Payment and Collection Law, for filing a lawsuit against Mr. Arochi, on the same day they were aware that Mr. Arochi was prepared to file suit against them in this Court, in a blatant act of forum shopping, and in an effort to retaliate against him and intimidate and coerce him to not exercise his rights under the Wage Payment Law.

### Jurisdiction and Venue

2.        This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, as the action is between citizens of a state and a citizen and domiciliary of a foreign state and as the amount in controversy exceeds $75,000.

3.      Venue is proper as the controversy involves conduct that occurred in the District of Columbia, during Plaintiff's employment with Defendant Novak Druce in its District of Columbia office.

## Parties

4.      Plaintiff Jose Antonio Arochi is a citizen of the country of Mexico, who resides at Canoa 235 Torre 1, Depto. 804, Colonia Progreso Tizapán, Delegación Alvaro Obregón, Mexico City, Mexico  10090.  At all times relevant to this Complaint, Mr. Arochi was employed by Defendant Novak Druce as a Foreign Associate in its District of Columbia office, at 1401 Eye ("I") Street, N.W., Suite 800, Washington, DC 20005.

5.      Defendant Novak Druce Connolly Bove & Quigg LLP, is a limited liability partnership law firm organized under the laws of Texas, with its central office located at 1000 Louisiana Street, Fifty-Third Floor, Houston, TX 77002.  At all times relevant to this Complaint, Novak Druce was an "employer" and a "person[s] acting on behalf of the employer," within the meaning of the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301(1B) and 1311.

6.      Defendant Burton Amernick is a citizen of the state of Maryland who resides at 6105 Nightshade Ct., Rockville, MD 20852.  At all times relevant to this Complaint, Defendant Amernick was a shareholder and the Co-Executive Partner of Novak Druce, based out of its Washington, D.C. office, and an "employer" and a "person[s] acting on behalf of the employer," within the meaning of the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301(1B) and 1311.

7.      Defendant Tracy Druce is a citizen of the state of Texas who resides at 104 Tanglewood Street, Baytown, TX 77520.  At all times relevant to this Complaint, Defendant

Druce was a shareholder and the Co-Executive Partner of Novak Druce, and an "employer" and a "person[s] acting on behalf of the employer," within the meaning of the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301(1B) and 1311.

8.      Defendant Gregory Novak is a citizen of the state of Texas who resides at 2220 Looscan Lane, Houston, TX 77019.  At all times relevant to this Complaint, Defendant Novak was a shareholder and the Managing Partner and Chief Executive Officer of Novak Druce, and an "employer" and a "person[s] acting on behalf of the employer," within the meaning of the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301(1B) and 1311.

9.      Defendant Matthew Todd is a citizen of the state of Texas who resides at 1307 Regal Shores Court, Kingwood, TX 77345.  At all times relevant to this Complaint, Defendant Todd was a shareholder and the Administrative Partner at Novak Druce, and an "employer" and a "person[s] acting on behalf of the employer," within the meaning of the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1301(1B) and 1311.

10.     Polsinelli PC is a company and law firm headquartered at 900 W. 48th Place, Suite 900, Kansas City, MO 64112.  Since 2016, when they joined Polsinelli, Defendants Novak, Druce, Amernick, and Todd have worked at Polsinelli as Senior Partners, Shareholders, and/or departmental Vice Chairs.  Upon information and belief, Defendants Novak, Druce, Amernick, and Todd are each shareholders, and therefore part owners, of Polsinelli.  At all times relevant to this Complaint, Defendant Polsinelli has been a "person acting on behalf of the employer" and a "other person[s] alleged to have violated the provisions of this section," within the meaning of the anti-retaliation provision of the District of Columbia Wage Payment and Collection Law, D.C. Code § 32-1311.

4

**Factual Allegations**

11.     Mr. Arochi was employed as a Foreign Associate at Novak Druce from April 2013 through March 11, 2016.  Mr. Arochi worked out of Novak Druce's District of Columbia office between April and August 2013, and again between June 2014 and March 2016.

12.     During Mr. Arochi's employment at the Firm, Mr. Novak was Novak Druce's Managing Partner, Chief Executive Officer, and principal shareholder.  He chaired Novak Druce's Executive Committee and held ultimate decision making authority for all of the Firm's hiring, firing, and employee compensation decisions.  Mr. Novak, along with Mr. Druce, personally offered Mr. Arochi his position at Novak Druce.

13.     During Mr. Arochi's employment at the Firm, Mr. Druce was a shareholder and Co-Executive Partner at Novak Druce.  He sat on the Firm's Executive Committee and was significantly involved in the Firm's hiring, firing, and employee compensation decisions.  Mr. Druce, along with Mr. Novak, personally offered Mr. Arochi his position at Novak Druce.

14.     During Mr. Arochi's employment at the Firm, Mr. Amernick was a shareholder and Co-Executive Partner at Novak Druce.  He sat on the Firm's Executive Committee and was significantly involved in the Firm's hiring, firing, and employee compensation decisions.

15.     During Mr. Arochi's employment at the Firm, Mr. Todd was a shareholder and Administrative Partner at Novak Druce.  He sat on the Firm's Executive Committee, and was significantly involved in the Firm's hiring, firing, and employee compensation decisions.  Mr. Todd acted as the Firm's primary point of contact with its employees, communicating and implementing the decisions of the Firm's Executive Committee.

16.     In early April 2015, while Mr. Arochi was working out of Novak Druce's District of Columbia office, Mr. Amernick, the Firm's Co-Executive Partner, informed Mr. Arochi that

the Firm would like to change the terms of Mr. Arochi's employment.  Accepting Mr.

Amernick's offer on behalf of the Firm, Mr. Arochi and Novak Druce entered into an agreement

modifying the terms of Mr. Arochi's employment.  Under Mr. Arochi's prior employment

agreement, he was paid both salary and commission.  Under the modified agreement, in

exchange for Mr. Arochi's continued employment as a Foreign Associate, Novak Druce agreed

to pay Mr. Arochi monthly commission only, totaling 20 percent of the fees collected on matters

in which he was involved, either as a working attorney or an originating attorney.

17.     After entering the commissions-only agreement, Mr. Arochi received his

commissions on a monthly basis, typically on the 20th day of each month.

18.     In January 2016, Novak Druce provided Mr. Arochi with a spreadsheet to show

him how the Firm determined the amount it owed him each month.  The spreadsheet contained

three columns, "Working Attorney," "Originating Attorney," and "Veteria."  Veteria was a client

based in Mexico which Mr. Arochi had originated for Novak Druce.  During the period from

May 2015 to September 2015, Veteria accounted for commission amounts of $11,361.27 paid by

Novak Druce to Mr. Arochi.  Mr. Arochi received monthly commission statements from Novak

Druce, reflecting payment to him for Veteria revenue at the agreed-upon 20 percent commission

rate.

19.     On several occasions, Veteria failed to pay its monthly bills from Novak Druce in

a timely manner, leading it to accrue a sizeable balance of fees and costs.  Mr. Arochi personally

convinced Veteria to make at least some payments throughout 2015.  However, as of September

2015, Veteria had a balance of approximately $600,000 in fees it had not paid.  Mr. Novak

informed Mr. Arochi in September 2015 that if Veteria did not promptly pay that amount, with

interest, the Firm would take legal action against its client.  Frank Stransky, one of Novak

Druce's chief financial officers, encouraged Mr. Arochi to get Veteria to pay its fees because Mr. Arochi personally had "interest" in those fees, referring to the commission he was due should the fees be received.

20.     Acting upon the information provided by Mr. Novak and Mr. Stransky, in September 2015, Mr. Arochi flew to Mexico at his own expense in an effort to negotiate the payment of the fees owed by Veteria.  Mr. Arochi successfully negotiated the full payment of the fees owed by Veteria, plus six percent interest.  The amount Veteria paid in fees – $603,436.30 – is reflected in an email Mr. Arochi received from a bookkeeper at Veteria on December 22, 2016.  In total, Veteria paid Novak Druce $639,642.48, with the final payment made on September 30, 2015.  Mr. Arochi was thus owed $127,928.50, 20 percent of that amount he had originated, as required by his compensation agreement.

21.     In early October 2015, Mr. Novak emailed Mr. Arochi, telling him that he would be paid his commission for the fees Novak Druce collected from Veteria, although it may take some time.  Despite this assurance, during October, November, and December 2015, Novak Druce paid Mr. Arochi only minor commission amounts which did not include the commission due from the Veteria payment.

22.     In December 2015, Mr. Arochi received his paycheck on December 20, 2015, and realized that Novak Druce had not paid him a commission for the Veteria fees.  He inquired with Jonathan Stroud, a Novak Druce accountant responsible for payroll, as to why he had not received the commission money he was owed from the Veteria payment.  Mr. Stroud explained that he was not authorized to pay Mr. Arochi that large of a commission, and that Novak Druce management had not yet approved Mr. Arochi's commission payment.  Mr. Stroud described the

payment of the Veteria commissions owed to Mr. Arochi as "on standby" with Novak Druce management.

23.     Concerned by Mr. Stroud's response, Mr. Arochi then approached Barbara Preston, one of Novak Druce's chief financial officers.  Ms. Preston seemed to make an effort to get Mr. Arochi the money he was owed, and told him that Novak Druce's management acknowledged that they owed him commission money for the Veteria matter.

24.     In early January 2016, Mr. Arochi began reaching out to Novak Druce's partners to ascertain when he would be paid the commission he was owed.  Firm partner Suni Sukduang was aware of Mr. Arochi's commission arrangement with Novak Druce, and commiserated with Mr. Arochi that Novak Druce had not yet paid him the Veteria commission money he was owed. Mr. Todd also told Mr. Arochi that he was in communications with Mr. Todd and Mr. Novak regarding the payment of the Veteria commissions to Mr. Arochi.  Around that time, Mr. Druce visited Mr. Arochi in his office, acknowledged that Novak Druce owed Mr. Arochi commissions, and told him that the firm hoped to resolve the issue and be able to pay him within a week. Between January 2016 and March 2016, Mr. Arochi made numerous attempts to contact partners of the firm by calling, texting, and emailing, but he received no response to his inquiries about payment of the commissions he was owed.

25.     On March 1, 2016, Novak Druce announced that many of its partners were leaving the firm and moving to Polsinelli, another large law firm.  In light of this transition, Mr. Arochi accepted a position with another firm, and made additional requests for the money that Novak Druce owed him.  His final day of employment with Novak Druce was March 11, 2016.

26.     Since that time, Mr. Arochi has made numerous requests for payment of his unpaid wages to the Defendants, but Defendants have failed to pay him any amount of the

money he is owed.  To this day Mr. Arochi has not received any of the commission he is owed for the $639,642.48 payment from Veteria.

27.     Defendants Novak, Druce, Amernick, and Todd were each responsible for or authorized the decision to not pay Mr. Arochi the compensation owed to him.

28.     From April 2016 until the present, including the days and weeks leading up to the filing of this Complaint, Plaintiff through counsel asserted legal claims against Defendants, including expressly under the District of Columbia Wage Payment Act, based on Defendants failure to appropriately pay him his wages.  On September 28, 2018, aware that Plaintiff intended to file suit against them that same day, and in a blatant act of forum shopping and attempted intimidation and coercion, Defendants Novak Druce, Amernick, Novak, Druce, and Todd filed suit for declaratory judgment against Plaintiff in the United States District Court for the Southern District of Texas.  Polsinelli, at which Amernick, Novak, Druce, and Todd serve as senior partners, filed the retaliatory suit on behalf of the other Defendants.

## COUNT ONE – BREACH OF CONTRACT

### Against Defendant Novak Druce

29.     Plaintiff hereby incorporates as though restated each of the allegations set forth in paragraphs 1 through 28 above.

30.     Mr. Arochi and Novak Druce entered into an agreement modifying the terms of Mr. Arochi's employment in early April 2015.  The agreement required Novak Druce to pay Mr. Arochi 20 percent of fees collected on all matters Mr. Arochi worked on, either as an originating attorney or a working attorney.  Included in these matters was Veteria, a client Mr. Arochi had secured for Novak Druce and for which he had received commission payments under the agreement until October 2015.

31.     In exchange for the commission payments, Mr. Arochi agreed to good and valuable consideration.

32.     In September 2015, Novak Druce collected $639,642.48 in fees from Veteria, entitling Mr. Arochi to payment of a 20 percent commission, in the amount of $127,928.50.

33.     Novak Druce willfully failed to make the payment of $127,928.50 owed to Mr. Arochi.

34.     Novak Druce's failure to make these payments was in bad faith, with malice, and with willful disregard for Plaintiff's legal rights.

35.     Novak Druce's actions directly and proximately caused, and continue to cause, Mr. Arochi to suffer loss of financial benefits.

### COUNT TWO – FAILURE TO PAY WAGES OWED, UNDER THE DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTION LAW

#### Against Defendants Novak Druce, Novak, Druce, Amernick, and Todd

36.     Plaintiff hereby incorporates as though restated each of the factual allegations set forth in paragraphs 1 through 35 above.

37.     The District of Columbia Wage Payment and Collection Law (DCWPCL), as amended by the District of Columbia Wage Theft Prevention Act of 2014, D.C. Code § 32-1301 et seq., requires an employer to pay "all monetary compensation after lawful deductions, owed by an employer, owed by an employer, whether the amount owed is determined on a time, task, piece, commission, or other basis of calculation." Commissions are expressly included within the definition of wages under the DCWPCL. D.C. Code § 32-1301(3)(B).

38.     An employer's failure to pay employee wages renders the employer liable to the employee for liquidated damages in the amount of 10 percent of the unpaid wages for each

working day in which such failure continues after the day upon which payment is required, or an amount equal to treble the unpaid damages, whichever is smaller, and results in the employer's liability for the employee's attorneys' fees and costs.  D.C. Code §§ 32-1303(4); 32-1308(b).

39.     In addition to the corporate employer Defendant Novak Druce, individual officers and agents of Defendant Novak Druce who were responsible for or authorized the non-payment of wages under the DCWPCL are themselves individually liable for a violation of the DCWPCL. D.C. Code §§ 32-1301(1B); 32-1308(a)(1).  Defendants Novak, Druce, Amernick, and Todd are individual officers and agents of Defendant Novak Druce who were responsible for or authorized the non-payment of wages to Mr. Arochi.

40.     Defendants failed to pay $127,928.50 of wages owed to Mr. Arochi, as described *supra*.  Defendants have continued to refuse to pay Mr. Arochi the wages owed to him through the date of filing of this Complaint.

41.     Defendants' failure to make these payments was made in bad faith, with malice, and with willful disregard for Mr. Arochi's legal rights.

42.     Defendants' actions directly and proximately caused, and continue to cause, Mr. Arochi to suffer loss of financial benefits.

### COUNT THREE – UNJUST ENRICHMENT

**Against Defendants Novak Druce, Novak, Druce, Amernick, and Todd**

43.     Plaintiff hereby incorporates as though restated each of the factual allegations set forth in paragraphs 1 through 42 above.

44.     In 2015, Novak Druce entered into an employment arrangement with Mr. Arochi in which it did not pay him any salary for his work as an attorney at the firm, and instead paid

him based on commissions for revenue that came in for the cases he worked on and that he originated.

45.     Mr. Arochi conferred a benefit upon Defendants by working as an attorney at the firm, without any salary, pursuant to this employment arrangement.

46.     Mr. Arochi was able to secure a payment of $639,642.48 to Defendant Novak Druce from Veteria by flying to Mexico at his own expense and negotiating payment of Veteria's unpaid fees plus interest.  He did so under the promise from Defendants that he would be paid 20 percent commission on this originated revenue that he had brought in to the firm. Veteria had substantially failed to make payments owed to Novak Druce on its own accord, and likely would have continued to fail to make payments but for Mr. Arochi's intervention.

47.     When Veteria, due to Mr. Arochi's intervention, paid Novak Druce over $600,000 in revenue, Defendants retained the entire amount and did not pay any amount to Mr. Arochi. Mr. Arochi thus received no payment whatsoever for his significant work on the Veteria case and his efforts to bring Veteria and its business to Defendants.

48.     Defendant Novak Druce, and individual Defendants Novak, Druce, Amernick, and Todd as managing partners and shareholders of Novak Druce, unjustly retained the benefits conferred on them by Mr. Arochi without payment of commission to Mr. Arochi.

49.     Under the circumstances, it is unjust for Defendants to be enriched in such fashion.

### COUNT FOUR – RETALIATION, UNDER THE DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTION LAW

### Against All Defendants

50.     Plaintiff hereby incorporates as though restated each of the factual allegations set forth in paragraphs 1 through 49 above.

51.     The District of Columbia Wage Payment and Collection Law (DCWPCL), as amended by the District of Columbia Wage Theft Prevention Act of 2014, D.C. Code § 32-1301 et seq., makes it unlawful for any "employer, or any person acting on behalf of the employer," "to discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee or person because that person has . . . "[m]ade or is believed to have made a complaint to his or her employer . . . or to any other person that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of [the DCWPCL]." D.C. Code Ann. § 32-1311.

52.     Defendants were aware that Plaintiff had continued to assert to Defendants and their representatives a violation of his rights under the DCWPCL, and demand payment of his denied wages under the DCWPCL, through the final few days and weeks leading up to the filing of this Complaint, including within the 90 days preceding the filing of this Complaint.  Such conduct by Plaintiff represented a complaint to his or her employer . . . or to any other person that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of [the DCWPCL]."

53.     The DCWPCL similarly makes it unlawful for an "employer, or any person acting on behalf of the employer" to take such adverse action against a person because such person "[i]nitiated or is about to initiate a proceeding under or related to [the DCWPCL]."  D.C. Code § 32-1311.

54.     Defendants were aware that Plaintiff intended to file a civil complaint against them in the U.S. District Court for the District of Columbia, asserting a claim against them for failure to pay him wages in violation of the DCWPCL, on September 28, 2018.  The filing and

preparation for filing of Plaintiff's Complaint represents the initiation of "a proceeding under or related to [the DCWPCL]."

55.     On the morning of September 28, 2018, Defendants filed a lawsuit for declaratory judgment against Plaintiff in the United States District Court for the Southern District of Texas, in an effort to intimidate, threaten, penalize, and otherwise retaliate against Plaintiff for exercising his legally protected rights under the DCWPCL.

56.     Defendants took such adverse action against Plaintiff within 90 days of his engaging in activity protected under the DCWPCL.  Defendants' adverse action within such timeframe "raise[s] a presumption that such action is retaliation."  D.C. Code Ann. § 32-1311.

57.     Defendants Novak Druce, Novak, Druce, Amernick, and Todd are "employers", "person[s] acting on behalf of the employer," and/or "other person[s] alleged to have violated the provisions of [the anti-retaliation section of the DCWPCL]," against whom a claim for retaliation may be brought under the DCWPCL.  D.C. Code §§ 32-1301(1B), 32-1311(b) and (c). Defendant Polsinelli is a "person acting on behalf of the employer" and an "other person alleged to have violated the provisions of the [anti-retaliation] section," against whom a claim for retaliation may be brought under the DCWPCL.  D.C. Code Ann. § 32-1311(b).

58.     Defendants' actions directly and proximately caused, and continue to cause, Mr. Arochi to suffer lost compensation and other monetary harm, attorneys' fees and costs, and other damage.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays this Court for the following relief:

1.     Enter a judgment in Plaintiff's favor and against Defendant Novak Druce for breach of contract;

2.      Enter a judgment in Plaintiff's favor and against all Defendants Novak Druce, Novak, Druce, Amernick, and Todd for violation of the wage payment provisions of the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301(3), 32-1303(2), (4).

3.      Enter a judgment in Plaintiff's favor and against all Defendants for violation of the anti-retaliation provision of the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1311.

4.      Enter a judgment in Plaintiff's favor and against Defendants Novak Druce, Novak, Druce, Amernick, and Todd for unjust enrichment;

5.      An award to Plaintiff for breach of contract;

6.      An award to Plaintiff for failure to pay wages under the DCWPCL;

7.      An award to Plaintiff of liquidated damages under the DCWPCL, in the amount of three times the unpaid wages, in addition to the payment of the underlying unpaid wages, for a total amount of $511,714;

8.      An award to Plaintiff for retaliation under the DCWPCL, including the assessment of civil penalties, liquidated damages, front pay, lost compensation, costs, reasonable attorneys' fees and costs, and an injunction against the retaliatory conduct, including dismissal of Defendants' lawsuit against Plaintiff;

9.      An award to Plaintiff for unjust enrichment;

10.     An award to Plaintiff of reasonable attorneys' fees, litigation expenses, and costs; and

11.     All other relief permitted under the above causes of action, other equitable relief, or relief which the court deems just and proper.

Respectfully submitted,


    /s Avi Kumin
Avi Kumin (D.C. Bar No. 475761)
KATZ, MARSHALL & BANKS, LLP
1718 Connecticut Avenue, N.W.
Sixth Floor
Washington, D.C. 20009
Phone: (202) 299-1140
Fax:    (202) 299-1148
Email:  kumin@kmblegal.com

Attorney for Plaintiff Jose Antonio Arochi


Date:  September 28, 2018


## **JURY DEMAND**

Plaintiff requests trial by jury as to all issues in this case.



    /s Avi Kumin
Avi Kumin (D.C. Bar No. 475761)
KATZ, MARSHALL & BANKS, LLP
1718 Connecticut Avenue, N.W.
Sixth Floor
Washington, D.C. 20009
Phone: (202) 299-1140
Fax:    (202) 299-1148
Email:  kumin@kmblegal.com

Attorney for Plaintiff Jose Antonio Arochi


Date:  September 28, 2018