# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE ANTONIO AROCHI, | * |
| | * |
| Plaintiff/Cross-Defendant, | * |
| | * |
| v. | * |
| | * |
| NOVAK DRUCE CONNOLLY BOVE | * |
| & QUIGG, LLP, *ET AL.,* | * |
| | * |
| Defendants/Cross-Plaintiffs. | * |
| | * |

Case No. 1:18-cv-02266 APM

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, Jose Antonio Arochi ("Arochi") through counsel, submits the following Initial Disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

1. **Identification of non-parties likely to have discoverable information**.

| Name/address/phone | Subjects of information |
|---|---|
| Barbara Preston<br>1615 Walleston Ct.<br>Alexandria, VA 22314<br>703-751-6215/703-751-3337 | Ms. Preston was the Chief Operating Officer of Novak Druce and was based in the Washington office. Plaintiff believes she has personal knowledge of the terms of the 2015 Employment Agreement, and payments of compensation to him. |
| Anthony P. Venturino, Esq.<br>9206 Deveron Ct.<br>Fairfax Station, VA<br>703-690-9719 | Witness to April 2015 meeting with Mr. Amernick and Plaintiff regarding Plaintiff's 2015 Employment Agreement. |
| Alejandra Jubran<br>6315 Bridgeton Ct.<br>Springfield, VA | Human Resources administrator, has knowledge of the administrative affairs of the office, the terms of compensation and Plaintiff's full personnel file, including compensation terms. |
| James Balls, Esq.<br>2013 New Hampshire Ave., NW<br>Washington, DC 20009<br>202-626-8376 | Has information relating to Plaintiff's compensation and his unpaid commissions. |

# Exhibit A

| | |
|---|---|
| Daniel Mullarkey, Esq.<br>1401 I St., NW Suite 800<br>Washington, DC 20005<br>202-626-8305 | Has knowledge that of Plaintiff's unpaid commissions based on the fee collections from Veteria Labs. |
| Jonathan Stroud<br>331 S. Booth Drive<br>New Castle, DE 19720<br>302-395-1338 | Worked as an accountant in Novak Druce's Wilmington office. He has knowledge of the process whereby client fee collections were gathered and inserted in the compensation worksheets. The compensation worksheets were the basis for computing commissions on client fee collections, and in particular the November 2015 fee collections from Veteria Labs. |
| Janet Petuya<br>302-888-6803 | A junior accountant and payroll clerk who worked in Novak Druce's Wilmington, DE office. She processed Plaintiff's paychecks until she left the firm in September 2015. She has knowledge of the firm's books and payroll processes. |
| Frank Stransky<br>Marshall Dennehy<br>2000 Market St, Suite 2300<br>Philadelphia, PA | Chief Financial Officer who worked in Novak Druce's Wilmington, DE office. He has knowledge relating to the compensation process whereby attorneys were paid commissions. |
| Avi Kumin, Esq.<br>Katz, Marshall & Banks<br>1718 CT. Avenue, NW<br>Washington, DC 20009 | Former counsel to Plaintiff. He has knowledge of the pre-filing settlement discussions and representations made by counsel for Novak Druce and individual Defendants. His representation ended in 2019. |
| Charles Thompson, Esq.<br>Greenberg Traurig<br>4 Embarcadero Center #3000<br>San Francisco, CA 94111 | Former counsel for Novak Druce and individual Defendants. He has knowledge of representations made on behalf of Defendants. |
| Jeff Eichen, Esq.<br>Drinker, Biddle & Reath<br>One Logan Square, Ste, 2000<br>Philadelphia, PA. 19103 | Former partner at Novak Druce, who left the firm in 2014. He has knowledge of Plaintiff's employment agreement and Veteria Labs' retention of the Firm. |

# Exhibit A

| | |
|---|---|
| Citibank<br>1218 CT Ave, NW<br>Washington, DC 20036 | Records relating to Plaintiff's claims for unpaid commissions. |
| The Travelers<br>c/o Commissioner of Insurance<br>Dept of Insurance, Securities and Banking<br>Washington, DC | Records relating to Plaintiff's claims for unpaid commissions. |
| All named parties<br>c/o counsel | All facts relating to claims and defenses. |

2. **Description of categories of documents in Plaintiff's possession.**

    A.     Internal accounting records.

    B.     E-mails.

    C.     Correspondence re Arochi.

    D.     Payroll records.

    E.     Records of bank wires and other payments.

    F.     Bank records (litigation) and pleadings.

    G.     Transcript of sworn deposition of Jonathan Stroud (attorney work-product).

    H.     Invoices to Veteria Labs and Soti.

    I.     Pleadings in suits filed against the Firm by former partners.

    J.     Contemporaneous notes of Avi Kumin, Esq. (attorney work-product).

All of the foregoing are in possession of Plaintiff's undersigned counsel.

3. **Computation of damages.**

    A.  Unpaid wages commissions—20% of fees paid by Veteria to Novak Druce, after the April, 2015 Agreement. .     .    .    .    .    .    .    .    $127,928.50

    B.  Liquidated damages—treble the amount of unpaid wages. .    .    .    .    $383,785.50

# Exhibit A

C.  Civil penalty and liquidated damages, for retaliation.   .   .   .   .   .   $20,000.00

D.  Breach of Contract and bad faith   .   .   .   .   .   .   .   .   .   .$1,000,000.00

E.  Attorneys' fees, to be awarded by court.

F.  Compensatory damages, to be assessed by jury.

G.  Punitive damages, to be assessed by jury.

Respectfully Submitted,

/s/ John M. Clifford
John M. Clifford, D.C. Bar No. 191866
Clifford & Garde, LLP
1828 L Street, NW, Suite 600
Washington, D.C. 20036
Email:        jclifford@cliffordgarde.com
Telephone:   202-280-6115
Fax:          202-789-0101

/s/ C. Michael Tarone
C. Michael Tarone, D.C. Bar No. 159228
1828 L Street, NW, Suite 600
Washington, D.C. 20036
Email: cmtaronelaw@hotmail.com
Telephone:    301-233-4077

# Exhibit A

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served BY EMAIL on

Nat P. Calamis, Esquire,
Sarah W. Conkwright, Esquire,
Carr Maloney P.C.
2020 K Street, NW,  Suite 850
Washington, D.C. 20006
*Counsel for Novak, Druce, Connolly, Bove & Quigg, LLP, Burton Amernick, Tracy Druce,
Gregory Novak, and Matthew Todd,*

and on

Elizabeth Torphy-Donzella, Esquire
Alexander I. Castelli, Esquire
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, MD 21202
*Attorneys for Polsinelli, P.C.*

this 11th day of December, 2019.

/s/ John M. Clifford
John M. Clifford

# Exhibit B

Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSE ANTONIO AROCHI,                    )
                                        )
    Plaintiff/Cross-Defendant,          )
                                        )
v.                                      )        Case No. 1:18-cv-02266 APM
                                        )
NOVAK DRUCE CONNOLLY BOVE               )
& QUIGG, LLP, *ET AL.,*                 )
                                        )
    Defendants/Cross-Plaintiffs.        )
                                        )

## PLAINTIFF JOSE ANTONIO AROCHI'S ANSWERS AND OBJECTIONS TO FIRST SET OF INTERROGATORIES FROM DEFENDANTS/CROSS-PLAINTIFFS NOVAK DRUCE CONNOLLY BOVE & QUIGG, LLP

Plaintiff, through counsel, submits the following answers and objections to the First Set of Interrogatories from Defendants/Cross-Plaintiffs Novak Druce Connolly Bove & Quigg, LLP.

## PRELIMINARY STATEMENT

Plaintiff has not completed his investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents, and things may be discovered which are not set forth in these responses, but which may have been responsive to these interrogatories. The following responses are based on Plaintiff's knowledge, information and belief at this time and are complete as to Plaintiff's best knowledge at this time. Furthermore, these responses were prepared based on Plaintiff's good faith interpretation and understanding of the Interrogatories for production and their applicability to this lawsuit and are subject to correction for inadvertent errors or omissions, if any. Plaintiff reserves the right to refer to, to conduct discovery with reference to or to offer into evidence at the time of trial, any and all fact, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses. The responses are given without prejudice to subsequent revision or supplementation, including objections, based upon any information, evidence, and documentation which hereinafter may be discovered.

# Exhibit B

## GENERAL OBJECTIONS

These objections are made to each of Defendant's Interrogatories and are incorporated by reference into each of the responses below.

1.    Plaintiff generally objects to each Interrogatory on the grounds and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, common interest privilege, joint interest privilege, work-product doctrine, doctor-patient privilege, psychiatrist-patient privilege, and/or any other applicable privilege or protection from discovery.  Plaintiff will not undertake to produce such privileged or protected information, and nothing herein is intended as, or shall be deemed, a waiver of any applicable privilege.  The disclosure of any such information is inadvertent and shall not constitute a waiver of any privilege or protection.  Plaintiff reiterates and incorporates by reference his objections to the same or similar Interrogatories posed by Polsinelli.

2.    Plaintiff generally objects to each Interrogatory on the grounds and to the extent that it seeks information that is not proportional to the needs of this case and/or not relevant to the parties' claims or defenses in this action pursuant to Rule 26 of the D.C. Rules of Civil Procedure.

3.    Plaintiff generally objects to each Interrogatory on the grounds and to the extent that it seeks discovery in a manner that is vague, ambiguous, unintelligible, uncertain, overly broad, duplicative, unreasonably burdensome, harassing, and/or not properly limited as to time period or scope.

4.    Plaintiff generally objects to each Interrogatory on the grounds and to the extent it does not specify the information sought with reasonable particularity.

5.    Plaintiff generally objects to each Interrogatory on the grounds and to the extent that it purports to impose obligations on Plaintiff beyond those imposed or permitted by the Federal Rules of Civil Procedure.

6.    Plaintiff generally objects to each Interrogatory to the extent it seeks information that would invade the privacy and confidentiality rights of third parties.

7.    Each of the following specific responses is subject to and without waiver of these General Objections.

2

# Exhibit B

8.      Plaintiff objects to Defendant's Interrogatories to the extent they seek information

that is contained in the documents in the possession or control of Defendants, to which Plaintiff

has thus far been denied access, or that is more readily available to the Defendants.

## SPECIFIC OBJECTIONS AND ANSWERS

1.      Identify all individuals with knowledge or information relevant to the claims and

defenses in this matter.

**OBJECTION:** Plaintiff objects to the foregoing interrogatory to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or information prepared in anticipation of litigation.

**ANSWER:** Subject to and without waiving the foregoing objections, Plaintiff believes

that the following persons, in addition to himself,  may have relevant knowledge or information:

1. Abodeely, George
2. Agruello, Daniela
3. Alaniz, Salina
4. Amernick, Burton
5. Anthony, Gina
6. Arochi, Jose
7. Atlantic Specialty Ins. Co.
8. Auchter, Richard
9. Balls, R. James
10. Barnett, Anne Cherry
11. Bosely, Alexa
12. Brown & Ridding Insurance
13. Brown & Ridding Insurance Services, Inc.
14. Caleron, Eduardo
15. Cantrell, Laura
16. Cardebas, Deysy
17. Carriedo, Rodrigo
18. Citibank
19. da Luca, Vincent
20. Daniels, Adam P.
21. Davis, Kevin J
22. de Silanes, Juan Lopez
23. Druce, Tracy

3

# Exhibit B

engaged in a pattern and practice of converting funds owed to its attorneys as compensation for

meeting the firm's financial obligations since 2014 because of the firm's deteriorating financial

condition. See the First Amended Complaint, paragraphs 49-50 and 56-58 regarding the Lambert

and Hall litigation, which are incorporated herein by reference. Documents relating to the Billy

A. Robbins lawsuit will be provided.

10.     The names of all individuals whom you or anyone on your behalf have interviewed

or otherwise discussed the allegations and issues in this case, the date of such interview or

discussion, and a summary of all information provided by such individuals during such interviews

or discussions.

**OBJECTION:**  Plaintiff objects to the foregoing interrogatory on the grounds that it is
overbroad, unduly burdensome and fails to identify the information sought with reasonable
particularity.  Plaintiff further objects to the foregoing interrogatory to the extent it seeks
information subject to the attorney-client privilege, attorney work product doctrine or
information prepared in anticipation of litigation.  Plaintiff has previously objected to the same
or similar discovery coming from counsel representing Polsinelli—the present employer of the
Novak Druce defendants, and the source of funding for their defense counsel.

**ANSWER:**  Subject to and without waiving the foregoing objections, the information

sought in this interrogatory is protected from disclosure by the attorney work-product rule and

for that reason no answer will be provided.

11.     Identify all witness statements, whether such statements are oral or written, the

individuals who gave such statements, the substances of all statements, and the dates on which

such statements made.

**OBJECTION:**  Plaintiff objects to the foregoing interrogatory on the grounds that it is
overbroad, unduly burdensome and fails to identify the information sought with reasonable
particularity.  Plaintiff further objects to the foregoing interrogatory to the extent it seeks
information subject to the attorney-client privilege, attorney work product doctrine or
information prepared in anticipation of litigation.  Plaintiff has previously objected to the same

# Exhibit B

or similar discovery coming from counsel representing Polsinelli—the present employer of the Novak Druce defendants, and the source of funding for their defense counsel.

**ANSWER:** Subject to and without waiving the foregoing objections, the sworn statement of Jonathan Stroud was taken on October 16, 2019. This document and its contents are protected from disclosure by the attorney work-product rule and they will not be disclosed. Defendants are able to interview/depose Mr. Stroud.

12. Identify the total amount of attorney's fees you have incurred to date in connection with the above-captioned lawsuit.

**OBJECTION:** Plaintiff objects to the foregoing interrogatory on the grounds that it is overbroad, unduly burdensome and fails to identify the information sought with reasonable particularity. Plaintiff further objects to the foregoing interrogatory to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or information prepared in anticipation of litigation. The information sought is irrelevant and not likely to lead to the discovery of relevant evidence, at this stage of the litigation.

**ANSWER:** Subject to and without waiving the foregoing objections, Plaintiff is advised that his attorneys have expended more than 2,000 hours prosecuting his case, and defending the action brought by the ND Defendants.

13. Describe, in detail, the terms of each and every employment or compensation agreement that you entered into while employed at the Firm. In your answer, identify the date each such agreement was made, whether the agreement was written or oral, the individuals with whom you made or discussed the terms of each such agreement, the terms of each such agreement, and the all sums paid to you under each such agreement.

**OBJECTION:** Plaintiff objects to the foregoing interrogatory on the grounds that it is overbroad, unduly burdensome and fails to identify the information sought with reasonable particularity. Plaintiff further objects to the foregoing interrogatory to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or information prepared in anticipation of litigation. Plaintiff objects on the grounds that defendants are in possession of the information and documents needed to answer this interrogatory and they have yet to provide it to Plaintiff. Plaintiff further objects on the grounds

21

# Exhibit B

## **VERIFICATION**

I certify under penalty of perjury under the laws of the United States of America that the

foregoing answers are true and correct.  Executed on

Date: July _____, 2020            _____

                                                    Jose A. Arochi

       The foregoing answers and objections are

                              Respectfully Submitted,

                              /s/ John M. Clifford
                              John M. Clifford, D.C. Bar No. 191866
                              Clifford & Garde, LLP
                              1828 L Street, NW, Suite 600
                              Washington, D.C. 20036
                              Email:        jclifford@cliffordgarde.com
                              Telephone:   202-280-6115
                              Fax:           202-789-0101

                              /s/ C. Michael Tarone
                              C. Michael Tarone, D.C. Bar No. 159228
                              1828 L Street, NW, Suite 600
                              Washington, D.C. 20036
                              Email: cmtaronelaw@hotmail.com
                              Telephone:   301-233-4077

# Exhibit B

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served BY EMAIL on

Gregory Novak, Esquire, pro se,
Tracy Duce, Esquire, pro se,
Matt Todd, Esquire, pro se,
Burton Amernick, Esquire, pro se,
Novak, Druce, Connolly, Bove & Quigg, LLP, care of all of the foregoing individuals

and on

Elizabeth Torphy-Donzella, Esquire
Alexander I. Castelli, Esquire
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, MD 21202
*Attorneys for Polsinelli, P.C.*

this 20th day of July, 2020

/s/ John M. Clifford
John M. Clifford

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSE ANTONIO AROCHI, | ) | |
| | ) | |
| Plaintiff/Cross-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-02266 APM |
| | ) | |
| NOVAK DRUCE CONNOLLY BOVE | ) | |
| & QUIGG, LLP, *ET AL.*, | ) | |
| | ) | |
| Defendants/Cross-Plaintiffs. | ) | |

---

**PLAINTIFF JOSE ANTONIO AROCHI'S RESPONSES AND OBJECTIONS TO FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM
DEFENDANTS/CROSS-PLAINTIFFS
<u>NOVAK DRUCE CONNOLLY BOVE & QUIGG, LLP</u>**

Plaintiff, through counsel, submits the following responses and objections to the First Set

of Requests for Production of Documents ("Requests/RFP") from Defendant/Cross-Plaintiff

Novak Druce Connolly Bove & Quigg, LLP.

## <u>PRELIMINARY STATEMENT</u>

Plaintiff has not completed his investigation relating to this action, has not completed

discovery in this action, and has not completed preparation for trial. As discovery proceeds,

facts, information, evidence, documents, and things may be discovered which are not set forth in

these responses, but which may have been responsive to these interrogatories. The following

responses are based on Plaintiff's knowledge, information and belief at this time and are

complete as to Plaintiff's best knowledge at this time. Furthermore, these responses were

prepared based on Plaintiff's good faith interpretation and understanding of the requests for

production and their applicability to this lawsuit and are subject to correction for inadvertent

errors or omissions, if any. Plaintiff reserves the right to refer to, to conduct discovery with

reference to or to offer into evidence at the time of trial, any and all fact, evidence, documents

and things developed during the course of discovery and trial preparation, notwithstanding the

reference to facts, evidence, documents, and things in these responses. The responses are given

# Exhibit C

without prejudice to subsequent revision or supplementation, including objections, based upon any information, evidence, and documentation which hereinafter may be discovered.

## **GENERAL OBJECTIONS**

These objections are made to each of Defendant's Requests and are incorporated by reference into each of the responses below.

1.      Plaintiff generally objects to each Request on the grounds and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, common interest privilege, joint interest privilege, work-product doctrine, doctor-patient privilege, psychiatrist-patient privilege, and/or any other applicable privilege or protection from discovery. Plaintiff will not undertake to produce such privileged or protected information, and nothing herein is intended as, or shall be deemed, a waiver of any applicable privilege.  The disclosure of any such information is inadvertent and shall not constitute a waiver of any privilege or protection.  Plaintiff reiterates and incorporates by reference his objections to the same or similar Requests posed by Polsinelli.

2.      Plaintiff generally objects to each Request on the grounds and to the extent that it seeks information that is not proportional to the needs of this case and/or not relevant to the parties' claims or defenses in this action pursuant to Rule 26 of the D.C. Rules of Civil Procedure.

3.      Plaintiff generally objects to each Request on the grounds and to the extent that it seeks discovery in a manner that is vague, ambiguous, unintelligible, uncertain, overly broad, duplicative, unreasonably burdensome, harassing, and/or not properly limited as to time period or scope.

4.      Plaintiff generally objects to each Request on the grounds and to the extent it does not specify the information sought with reasonable particularity.

5.      Plaintiff generally objects to each Request on the grounds and to the extent that it purports to impose obligations on Plaintiff beyond those imposed or permitted by the Federal Rules of Civil Procedure.

6.      Plaintiff generally objects to each Request to the extent it seeks information that would invade the privacy and confidentiality rights of third parties.

7.      Each of the following specific responses is subject to and without waiver of these General Objections.

2

# Exhibit C

8.      Plaintiff objects to Defendant's Requests to the extent they seek information that is contained in the documents in the possession or control of Defendants, to which Plaintiff has thus far been denied access, or that is more readily available to the Defendants.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All communications between you and Gregory Novak regarding your employment at the Firm, including, but not limited to your hiring, performance, compensation, compensation and employment agreements, clients originated by you, origination credit(s) or percentages, Veteria, client fee collections, and requests made by you to the Firm for payment from 2013 to present.

**Response:**     Plaintiff has produced all responsive, non-privileged documents in his possession.   Please see E-mails Bates numbered 0101-0220, especially Nos. 104-110, 138, 140, and 142

2.      All communications between you and Tracy Druce regarding your employment at the Firm, including, but not limited to your hiring, performance, compensation, compensation and employment agreements, clients originated by you, origination credit(s) or percentages, Veteria, client fee collections, and requests made by you to the Firm for payment from 2013 to present.

**Response:**     Plaintiff has produced all responsive, non-privileged documents in his possession.   Please see E-mails Bates numbered 0101-0220, especially Nos. 104, 138, 140, 142-153, 157-163, 168-169, 173-192, and 194-195.

3.      All communications between you and Matt Todd regarding your employment at the Firm, including, but not limited to your hiring, performance, compensation, compensation and

# Exhibit C

23.      All documents and communications reflecting or relating to the alleged meeting in April 2015 with Mr. Amernick and Mr. Vincent DeLuca referenced in paragraph 35 of the First Amended Complaint.

**Response:**      The First Amended Complaint incorrectly identifies one of the persons with whom Plaintiff met; the person with Mr. Amernick was Anthony P. Venturino, Esquire.   (See Plaintiff's Initial Disclosures, served December 11, 2019.) Plaintiff has produced all responsive, non-privileged documents in his possession.

24.      All documents reflecting or relating to payments made to you as referenced in paragraph 37 of the First Amended Complaint.

**Response:**      Plaintiff has produced all responsive, non-privileged documents in his possession.

25.      All documents reflecting or relating to the debts you allegedly accumulated as of March 2016 as alleged in paragraph 44 of the First Amended Complaint, including all documents reflecting or relating to leases, credit cards, mortgages, etc.

**Response:**      Plaintiff has already produced all responsive, non-privileged documents in his possession.

26.      The transcript from the "sworn deposition of Jonathan Stroud" identified in your Initial Disclosures.

**Objection**: Plaintiff objects to the foregoing request to the extent it seeks information subject to the attorney-client privilege, attorney work product doctrine or information prepared in anticipation of litigation.

10

# Exhibit C

31.    All documents to support your claim that you are entitled to unpaid wages in the amount of 20% of fees paid by Veteria to Novak Druce under the April 2015 Agreement.

**Response:**    Plaintiff has produced all responsive, non-privileged documents in his possession.

**RESPONSE:**       Plaintiff will produce responsive, non-privileged documents.

The foregoing Responses and Objections are

Respectfully Submitted,

/s/ John M. Clifford
John M. Clifford, D.C. Bar No. 191866
Clifford & Garde, LLP
1828 L Street, NW, Suite 600
Washington, D.C. 20036
Email:       jclifford@cliffordgarde.com
Telephone:    202-280-6115
Fax:          202-789-0101

/s/ C. Michael Tarone
C. Michael Tarone, D.C. Bar No. 159228
1828 L Street, NW, Suite 600
Washington, D.C. 20036
Email: cmtaronelaw@hotmail.com
Telephone:    301-233-4077

12

# Exhibit C

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served BY EMAIL on

Gregory Novak, Esquire, pro se,
Tracy Duce, Esquire, pro se,
Matt Todd, Esquire, pro se,
Burton Amernick, Esquire, pro se,
Novak, Druce, Connolly, Bove & Quigg, LLP, care of all of the foregoing individuals,

and on

Elizabeth Torphy-Donzella, Esquire
Alexander I. Castelli, Esquire
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, MD 21202
*Attorneys for Polsinelli, P.C.*

this 20th day of July, 2020.

/s/ John M. Clifford
John M. Clifford

# Exhibit D

# POLSINELLI

1000 Louisiana Street, Suite 6400, Houston, TX 77002 • (713) 374-1600

August 26, 2020

Gregory V. Novak
GNovak@polsinelli.com

*via email*

C. Michael Tarone
Tarone Law Firm
1828 L Street, NW Suite 500
Washington, DC 20006
(301) 233-4077

John M. Clifford
Clifford & Garde, LLP
1828 L St., NW, #600
Washington, DC 20036
202-280-6115 (Direct)
202-340-8272 (Cell)

Re:   **Continued Request for Plaintiff to Produce the Transcript of Mr.
      Stroud's Deposition , Request for Further Meet and Confer**

Dear Messrs. Clifford and Tarone:

We write in furtherance of our meet and confer held on July 23, 2020, wherein we discussed the
concerns of the ND Defendants with respect to the late responses of Plaintiff to Novak Druce's
First Requests for Production of Documents and First Set of Interrogatories. Our concerns over
the significantly late and materially lacking Responses of Plaintiff to these Novak Druce
discovery requests were set out to you in our letter of July 21, 2020.

While our letter of July 21 set out the same concerns that this letter will now address with
particularity, it is hoped that this further effort on the part of the ND Defendants will prompt
Plaintiff to produce to us the sworn deposition of Mr. Jonathan Stroud which Plaintiff took in
this litigation without notice to the ND Defendants voluntarily and without forcing us to seek a
Motion to Compel.

For clarity, this letter continues our discussion with respect to the Response of Plaintiff to Novak
Druce's Request for Production No. 26, which had requested the production of the transcript
from the sworn deposition of Mr. Stroud which Plaintiff has refused to produce ; and, the sworn

polsinelli.com

Atlanta    Boston    Chicago    Dallas    Denver    Houston    Kansas City    Los Angeles    Miami    Nashville    New York
Phoenix    St. Louis    San Francisco    Seattle    Silicon Valley    Washington, D.C.    Wilmington
Polsinelli PC, Polsinelli LLP in California

# Exhibit D



August 26, 2020
Page 2

Response of Plaintiff to Novak Druce's Interrogatory No. 11, in which Plaintiff identified Mr. Stroud's sworn deposition as having occurred on October 16, 2019 and further stated that such would not be disclosed to Novak Druce / the ND Defendants.

Plaintiff objects to the production of Mr. Stroud's sworn deposition in this matter as being protected as " information subject to the attorney-client privilege, attorney work product doctrine or information prepared in anticipation of litigation " ( see Plaintiff's Response to RFP 26), and "...protected from disclosure by the attorney work-product rule..." (see Plaintiff's Response to Interrogatory 11).

Further, Plaintiff in his Initial Disclosures made on December 11, 2019, identities the "Transcript of sworn deposition of Jonathan Stroud (attorney work-product)", as being in Plaintiff's possession as one of the categories of documents that support Plaintiff's claims or defenses in this litigation.

The ND Defendants continue to not agree with Plaintiff's position with respect to his refusal to produce the sworn deposition of Mr. Stroud, and ask that Plaintiff produce such by no later than the close of business tomorrow, Thursday , August 27, 2020.

First, Mr. Stroud's deposition is clearly not subject to attorney client privilege as you have asserted and you have provided no basis upon which Plaintiff could even make such an assertion. Additionally, Plaintiff has not set out Mr. Stroud's deposition on any privilege log, a further indication that any claims of attorney client privilege being asserted with respect to Mr. Stroud's deposition are without merit.

Turning next to Plaintiff's arguments that Mr. Stroud's deposition is either protected from disclosure as work product or is information prepared in anticipation of litigation, these related positions of Plaintiff are likewise not tenable.

Plaintiff's reliance upon Hickman v. Taylor, 329 US 495 (1947), and in turn FRCP Rule 26(b)(3), is misplaced. Plaintiff has disclosed the transcript of the sworn deposition of Mr. Stroud in his Initial Disclosures as a document or information that supports the claims of Mr. Arochi in this matter. Those alleged facts and the underlying deposition of Mr. Stroud are fully discoverable and do not constitute claimed work product. The fact that Plaintiff elected to take a third party deposition after the commencement of this litigation without notice to the ND Defendants does not in any way shield this deposition from production as work product supposedly capturing the mental impressions, thoughts or preparations of Plaintiff's counsel.

Rather, since Mr. Stroud's deposition was taken after the initiation of this litigation, there is not a

# Exhibit D



August 26, 2020
Page 3

single proper argument that Plaintiff can make that Mr. Stroud's deposition was taken in anticipation of litigation and that such protectable work product.

Even in the best light possible for Plaintiff to support a claim of work product protection , we are not seeking notes, mental impressions, or other materials prepared by or created by Plaintiff's counsel leading up to or after Mr. Stroud's post initiation of litigation deposition. All we are seeking is the deposition transcript itself, a post initiation of litigation third party deposition that was taken without any proper notice having been provided to the ND Defendants.

Plaintiff can not properly support a claim that Mr. Stroud's sworn deposition is protected from being produced in this litigation as being work product or prepared in anticipation of litigation.

We again ask that Plaintiff produce to us Mr. Stroud's deposition by no later than the close of business tomorrow, August 27, 2020.

Should Plaintiff continue to refuse to produce Mr. Stroud's deposition, we are willing to conduct a further and additional meet and confer with you on Friday, August 28, 2020 at any time during that morning prior to noon Eastern.

Given the approaching Monday Status Conference, we look forward to your prompt response.

Very truly yours,

Gregory V. Novak

# Exhibit E

| | |
|---|---|
| **From:** | Gregory Novak |
| **Sent:** | Thursday, August 27, 2020 11:10 AM |
| **To:** | John Clifford |
| **Cc:** | C. Michael Tarone; Tracy Druce; Matt Todd; Burt Amernick; etd@shawe.com; aic@shawe.com; Taras Gracey; Shaleez Ozlat; Hank Petri; Gregory Novak |
| **Subject:** | Re: Production of Stroud Deposition / Further Request for Meet and Confer |

Mr. Clifford,

While I thank you for your email below , we have provided both in our previous meet and confer, as well as our letter yesterday ( to which Mr. Tarone responded "No."), our basis for the production of Mr. Stroud's deposition. We remain firmly of such position as to it be fully discoverable, and that Plaintiff should produce Mr. Stroud's deposition on an immediate basis. We understand that you disagree.

Given your more complete response , which we thank you for , we have to agree that our previous meet and confer and our current exchange of dialogue on this satisfies in full our mutual meet and confer obligations , and that there is nothing more that can be said between us to change the other's position.

As such, we will proceed forward with a Motion to Compel on this subject.

Again, thank you for your response.

Best

Greg

**Gregory V. Novak**
*Vice Chair, Intellectual Property Department*
*Shareholder*

gnovak@polsinelli.com
**713.374.1640**
1000 Louisiana Street
Fifty-Third Floor
Houston, TX 77002
polsinelli.com

On Aug 27, 2020, at 10:09, John Clifford <jclifford@cliffordgarde.com> wrote:

> **EXTERNAL EMAIL**   **jclifford@cliffordgarde.com**
>
> Mr. Novak,
>
> We continue to maintain that our interview of Mr. Stroud is our work product, and that nothing prevents you from conducting your own interview of the witness, or from subpoenaing him for a deposition. If you have any reason to disagree with our position, please tell us why you believe this material is not work product, and we will fairly consider your position.

# Exhibit E

Defendants have never suggested ANY reason why we ought to change our position.  Under the circumstances, I am happy to talk to you, as a courtesy, but is there anything for us to discuss?

Best,


John M. Clifford
Clifford & Garde, LLP
1828 L St., NW, #600
Washington, DC 20036
202-280-6115 (Direct)
202-340-8272 (Cell)


PS—I think you told Judge Mehta that you/one of your co-defendants would appear on behalf of the Firm.  I believe it would be helpful to do so.



**From:** Gregory Novak <GNovak@Polsinelli.com>
**Sent:** Wednesday, August 26, 2020 9:31 PM
**To:** C. Michael Tarone <CMTaroneLaw@hotmail.com>
**Cc:** John Clifford <jclifford@cliffordgarde.com>; Tracy Druce <TDruce@Polsinelli.com>; Matt Todd <MTodd@Polsinelli.com>; Burt Amernick <BAmernick@Polsinelli.com>; Hank Petri <HPetri@Polsinelli.com>; Taras Gracey <TGracey@Polsinelli.com>; Shaleez Ozlat <SOzlat@polsinelli.com>; etd@shawe.com; aic@shawe.com; Shavaun Smith <Smsmith@Polsinelli.com>; Sabrina Alaniz <SAlaniz@Polsinelli.com>; Gregory Novak <GNovak@Polsinelli.com>
**Subject:** Re: Production of Stroud Deposition / Further Request for Meet and Confer

Dear Mr. Tarone,

While we appreciate your unusually prompt response, we are uncertain as to just what your monosyllabic response applies.

Are you stating that you will not produce Mr. Stroud's deposition; or, are you stating that you will not participate in a further meet and confer (preferring instead that we file our Motion to Compel based upon the last meet and confer); or, is your response of "No" meant to mean both.

If something other than an unqualified "No" as to both, please provide times that you are available tomorrow morning for what we unfortunately expect to be a short meet and confer given the shortness of your response.

We look forward to hearing from you in a prompt manner.

Best

Greg

**Gregory V. Novak**
*Vice Chair, Intellectual Property Department*
*Shareholder*

# Exhibit E

gnovak@polsinelli.com
**713.374.1640**
1000 Louisiana Street
Fifty-Third Floor
Houston, TX 77002
polsinelli.com

On Aug 26, 2020, at 19:10, C. Michael Tarone <CMTaroneLaw@hotmail.com> wrote:

> **EXTERNAL EMAIL**   **cmtaronelaw@hotmail.com**
>
> Mr. Novak. No.
>
> Thank you.
> Mike Tarone
>
> ---
>
> **From:** Gregory Novak <GNovak@Polsinelli.com>
> **Sent:** Wednesday, August 26, 2020 2:39 PM
> **To:** CMTaroneLaw@hotmail.com <CMTaroneLaw@hotmail.com>;
> jclifford@cliffordgarde.com <jclifford@cliffordgarde.com>
> **Cc:** Tracy Druce <TDruce@Polsinelli.com>; Matt Todd <MTodd@Polsinelli.com>; Burt
> Amernick <BAmernick@Polsinelli.com>; Hank Petri <HPetri@Polsinelli.com>; Taras
> Gracey <TGracey@Polsinelli.com>; Shaleez Ozlat <SOzlat@polsinelli.com>; Gregory
> Novak <GNovak@Polsinelli.com>; etd@shawe.com <etd@shawe.com>;
> aic@shawe.com <aic@shawe.com>; Shavaun Smith <Smsmith@Polsinelli.com>; Sabrina
> Alaniz <SAlaniz@Polsinelli.com>
> **Subject:** Production of Stroud Deposition / Further Request for Meet and Confer
>
> Dear Messrs. Tarone and Clifford,
>
> Please see the attached letter, which sets out once more the ND Defendants' Request
> that Plaintiff comply with its discovery obligations and produce the deposition of Mr.
> Stroud; and, should Plaintiff continue to not produce this deposition that we schedule a
> meet and confer Friday morning in a hope to avoid our having to file a Motion to
> Compel on this issue:
>
> ---
>
> This electronic mail message contains CONFIDENTIAL information which is (a)
> ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT,
> PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM
> DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If
> you are not an Addressee, or the person responsible for delivering this to an Addressee,
> you are hereby notified that reading, copying, or distributing this message is prohibited. If
> you have received this electronic mail message in error, please reply to the sender and
> take the steps necessary to delete the message completely from your computer system.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of Defendants' Memorandum in Support of Their Motion to Compel Plaintiff to Produce Deposition Transcript of Jonathan Stroud has been served electronically via email on this 8th day of September, 2020 to:

John M. Clifford
Clifford & Garde LLP
1828 L St., NW
Suite 500
Washington, DC 20036
jclifford@cliffordgarde.com

C. Michael Tarone
Tarone Law Firm
1828 L Street, NW
Suite 500
Washington, DC 20006
cmtaronelaw@hotmail.com

*Counsel for Plaintiff Jose Antonio Arochi.*

Elizabeth Torphy-Donzella
Alexander I. Castelli
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, Maryland 21202
etd@shawe.com
aic@shawe.com

*Counsel for Defendant, Polsinelli, PC.*

_____/s/ Melvin A. Todd_____
Melvin A. Todd

8