## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSE ANTONIO AROCHI,          *

                            *

        Plaintiff/Cross-Defendant,     *

                            *

v.                               *         Case No. 1:18-cv-02266 APM

                            *

NOVAK DRUCE CONNOLLY BOVE   *

& QUIGG, LLP, *ET AL.,*          *

                            *

        Defendants/Cross-Plaintiffs.    *

                            *

### STATUS REPORT

Defendants/Cross-Plaintiffs Novak, Druce, Connolly, Bove & Quigg, LLP, Burton Amernick, Tracy Druce, Gregory Novak, and Melvin Todd (collectively "Novak Druce") pursuant to the Court's Minute Order of September 24, 2020 make this their Status Report on ongoing discovery efforts and as to whether Plaintiff Arochi's continued discovery focus upon the Novak Druce Microsoft Azure Cloud environment ("Azure") is proportional to the needs of the case, or if an appropriate protective order should be made consistent with Rule 26 (b)(2)(B).

As set out below, Arochi has already been provided discovery from Novak Druce laptops and other devices, and future additional discovery from Azure, which is not reasonably accessible, is likely to yield few, if any additional documents. Any such additional documents or other information that could be developed through a search of Azure would require a significant cost in both IT support time and critically needed attorney review time.

The total estimated costs to gain access to Azure, combined with the limited benefit of any additional relevant non-duplicative documents that might be produced, far exceed both the amount in controversy, and available party resources - and are discovery efforts which are not proportional to the needs of the case under any circumstances.

1

Cost estimates to provide full access to Azure ranges from about $400,000 to $1,000,0000. Price proposals are attached and were provided to Plaintiff.  See email to Plaintiff dated September 24, 2020 attached hereto as **Exhibit A**.  As this Court knows, and as more fully set forth below, Plaintiff simply wants to continue to "kick the can" down the road with requested extension after requested extension when it comes to this Azure issue.  Enough is enough.  Plaintiff's discovery demands regarding Azure are entirely disproportionate to the needs of this $150,000 dispute.  As such, and given that Defendants have spent over $300,000 in maintaining Azure, the Court should issue a Protective Order barring Plaintiff's discovery requests and permit Defendants to move Azure to a static environment.

### STATUS OF COMPLIANCE WITH THE COURT'S MINUTE ORDERS OF SEPTEMBER 24

1.  Novak Druce has complied with the Court's Minute Orders, as well as direction given during the proceedings of September 24. Namely, Novak Druce provided cost estimates and explanations of the Azure environment to Plaintiff on September 24, and arranged a meet and confer between the IT Consultants/experts on September 28.

2.  Novak Druce provided a further update to Plaintiff on September 29, which was a restatement of Novak Druce's IT Consultant's earlier discussion on limited searching and which was provided to Plaintiff on July 13, 2020, but which was rejected. **Exhibit B**.

3. Plaintiff's counsel represented on September 24 that it would produce the Stroud deposition transcript by the close of business on the same date.

4. To date, while Plaintiff's counsel has engaged Novak Druce and third parties regarding discovery, Plaintiff's counsel has yet to produce the Stroud deposition transcript as Ordered.

### AZURE BACKGROUND ISSUES: DATABASE IS NOT READILY ACCESSIBLE

5. Since about February 2016 and more than two (2) years before the instant litigation commenced,  Novak Druce migrated its general operational resources/ databases, including email, accounting modules and certain support resources to Azure.  The purpose of this migration was to facilitate the wind down of Novak Druce's legal practice and to meet the demands of Plaintiff's

litigation hold. Maintaining Azure, along with Novak Druce having maintained laptops and other devices, satisfies and discharges each of its obligations to Plaintiff pre-suit.

6. Since February 2016, Novak Druce has spent in excess of $300,000 in order to maintain the base readiness of Azure in order to comply with Arochi's litigation hold; and, Novak Druce has not accessed Azure for operational purposes since well before the initiation of this litigation. Arochi's continued allegations of spoliation due to Azure not being readily accessible without significant cost or expense does not form a proper basis for a claim of spoliation and, further, Plaintiff's position fails to consider that the overwhelmingly significant production of relevant and non-duplicative discovery has, in all substantial likelihood, already been produced through searches and production from the Novak Druce laptops and other devices discussed herein above.

7. Funding for maintaining the Azure environment is no longer available and exceeds the Novak Druce Parties' resources. Novak Druce has made extensive efforts to cooperate with Plaintiff to facilitate his search of Azure, and while Plaintiff's counsel endeavors fruitlessly to develop basic search strings and search parameters some two (2) years after the start of this litigation, Novak Druce's costs continue to mount. Given that Plaintiff's counsel has failed, and continues to fail to meaningfully tailor appropriate search strings, focus discovery efforts, or to otherwise cooperate in discovery, any further expense associated with Azure can no longer be considered proportional to the needs of the case.

**NOVAK DRUCE EFFORTS TO COMPLY WITH AND FACILITATE PLAINTIFF'S DISCOVERY IN AZURE**

8. Following the Order allowing Novak Druce's former counsel to withdraw on May 23, 2020 (DKT 68), Arochi filed his first Motion to Compel ("MTC 1") on June 11, 2020 (DKT 70). MTC 1 was timely opposed by Novak Druce on July 20, 2020 (DKT78). MTC 1 substantially raises issues related to discovery within Azure and Novak Druce's objections to such.

9. In an effort to resolve MTC 1, Novak Druce filed its Status Report dated June 17, 2020 (DKT 72), offering Plaintiff access to Azure at Plaintiff's cost and expense given the not readily accessible nature of Azure, and in view of the other discovery already being produced by Novak Druce. Novak Druce's offer was premised on the fact that Plaintiff was seeking wide ranging and broad discovery through his MTC 1, much of which was completely disconnected from Plaintiff's

actual claim, and whose production would require the spooling up of Novak Druce resources long-since shuttered.   Novak Druce did not seek to deny Plaintiff ultimate access to this information, but Novak Druce should not be required to pay for Plaintiff's fishing expedition,   and unwillingness to focus on the claim and not the harassment of Novak Druce.

10. Thereafter, throughout June and July 2020, no less than a dozen communications were exchanged between Novak Druce, Plaintiff, and each of the Party's respective IT Consultants/ experts. Throughout these exchanges, Plaintiff and his IT Consultant/Expert insisted upon unfettered access to Azure, made baseless assertions of spoliation on the part of Novak Druce, and shifted positions with respect to production from  Azure, while challenging the efforts of Novak Druce's IT Consultant to assist in providing cost estimates and access to Azure. Representative communications between the Parties over this time period are attached as **Exhibit C**, and are provided to demonstrate the efforts taken to cooperate with Plaintiff to access Azure despite the fact that Plaintiff's discovery requests are far beyond any issue germane to his claim.[1]

11. The communications attached in **Exhibit D** resulted from Plaintiff's counsel requesting a narrowing of the Azure inquiry to simple email searches and a cost proposal associated therewith. This cost proposal was, in fact, originally provided to Plaintiff on July 13, 2020 in  Novak Druce's IT Consultant's email Plaintiff's IT Consultant.

12.  Given Plaintiff's counsel's failure to cooperate in an attempt to reach resolution on Azure, including search strings, Novak Druce notified Plaintiff of its intention to continue to preserve Novak Druce data, but to do so in a static environment. Plaintiff's counsel was informed that Plaintiff would be apprised of the migration schedule, and Plaintiff was given the opportunity to maintain Azure while he determined if searches were actually desired. Communications concerning moving Azure to a static environment are attached as **Exhibit E**.

13. Plaintiff's counsel, in disregard of Novak Druce's communicated assurances of not moving Azure to a static environment without notice to Plaintiff in advance, instead filed his

[1] By way of example, some of Plaintiff's most recent discovery requests seek such documents as "…all documents relating to the operational aspects of the Firm" and Novak, Druce, Todd, Amernick, McShane, Preston, Stransky, and the Executive Committee.  If such requests could even be interpreted, it would encompass nearly every document produced by the firm since its inception. Novak Druce should no longer be forced to endure the harassment and abuse it has suffered at the hands of Plaintiff's counsel and their disregard for the discovery process.

4

Emergency Motion to Compel Enforcement of the Court's March 9, 2020, Discovery Order, To Instruct the Novak Druce Defendants to Conduct the Search That They Previously Told the Court They Were Doing, To Preserve the Status Quo Until the Search is Concluded, and To Assign the Case to a Magistrate Judge to Supervise Discovery." *See* August 17, 2020, Docket Entry No. 82.

14. The issues raised in Plaintiff's Motions to Compel are substantially related to Plaintiff's efforts to seek discovery from Azure. All such discovery is not proportional to the needs of the case, and ignores the communications undertaken over the course of two months by Novak Druce at the time of Arochi filing his Motions to Compel.

**THE COURT'S HEARINGS ON AZURE**

15. From August 24 to September 24, 2020, the Court held a series of five hearings directed towards Plaintiff's desire to search Azure; and, Novak Druce's arguments as to the scope of discovery which it had already produced to Plaintiff, and the low probability that relevant, non-duplicative, non-privileged discovery would be found within Azure. Further discussions took place in these hearings regarding Azure not being readily accessible, the cost of undertaking Azure searches, and discovery sought by Plaintiff as not being proportional to the needs of the case.

16. Over the same period of August 24 to September 24, Plaintiff began to submit to Novak Druce varying lists of search "strings" or, rather, search words, along with varying custodians for Azure searching. Despite Novak Druce's efforts to meet and confer with Plaintiff's counsel to resolve search issues, all efforts were of no avail. The Court has previously addressed Plaintiff's counsel's inability to form a proper search string. Plaintiff's search strings and custodians remain in flux to this date and are over-broad and beyond the needs of this case. Examples of Plaintiff's various search strings as provided to Novak Druce are attached as **Exhibit F**. As presented, Plaintiff's search strings go well beyond the issues of this case and no matter what devices were searched, would likely produce huge volumes of results that would require significant attorney time to review. See e.g., Exhibit F at September 23, 2020 email from C. Michael Tarone to Gregory Novak (seeking results for extraordinarily broad search terms such as "Officer", "Commit*", "Manag*", "Operat*", "Superv*", "day to day", among numerous others).

17.  Plaintiff, through his counsel's email of September 25, 2020, as well as in the meet and confer between the Parties' respective IT consultant/experts held on September 28, 2020, has attempted to (i) revert back to a limited search of emails as was discussed and rejected by Plaintiff in July, while (ii) reserving the right to seek discovery beyond email.  *See* **Exhibit D**.

18.  On September 29, 2020, Plaintiff's counsel mischaracterized the meet and confer discussions of September 28, while seeking the same information from Novak Druce's IT consultant that had been earlier Arochi furnished on July 13, 2020.  *See* **Exhibits B and C**.

19.  Plaintiff's wide-ranging discovery efforts, including his Motions to Compel, together with his sweeping search "strings" (words), all underscore the broad and impermissible nature of Plaintiff's requests and that such are not limited to Novak Druce emails. Even if such were limited to emails, responsive and relevant emails have already been produced as stated herein. These Novak Druce searches have also been challenged by Plaintiff. To assure compliance with Plaintiff's discovery requests as they stand would require a tremendous expenditure of resources to then possibly achieve production of a small scope of documents. The efforts required and the scope of discovery sought by Plaintiff is not proportional to the needs of the case.

20.  Plaintiff's ESI Status Report is in effect a tacit admission that discovery sought from Azure is not proportional to the needs of the case, and simply asks this Court to put off a determination of proportionality until some future date.  All of this despite the exhausting of both Party and Judicial resources spanning the last five hearings on this very issue. As such, Plaintiff's own ESI Status Report supports the entry of an appropriate Protective Order under Rule 26(b)(2)(B) in favor of Novak Druce finding that Plaintiff's sought discovery of Azure is not proportional to the needs of the case, consistent with Rule 26(b)(1).

Dated: September 29, 2020                        Respectfully submitted,

                                    _____*/s/ Gregory V. Novak*_____
                                    Gregory V. Novak
                                    On behalf of
                                    Novak Druce Connolly Bove & Quigg LLP
                                    gnovak@polsinelli.com

*/s/ Burton A. Amernick*
Burton A. Amernick
Polsinelli, PC
1401 Eye Street N.W., Suite 800
Washington, D.C. 20005
bamernick@polsinelli.com


*/s/ Tracy W. Druce*
Tracy W. Druce
Polsinelli PC
1000 Louisiana Street
Suite 6400
Houston, TX 77002
tdruce@polsinelli.com

*/s/ Gregory V. Novak*
Gregory V. Novak
Polsinelli PC
1000 Louisiana Street
Suite 6400
Houston, TX 77002
gnovak@polsinelli.com


*/s/ Melvin A. Todd*
Melvin A. Todd
Polsinelli PC
1000 Louisiana Street
Suite 6400
Houston, TX 77002
mtodd@polsinelli.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and accurate copy of the foregoing Status Report was served electronically on this 29th day of September, 2020 to:

> John M. Clifford
> Clifford & Garde LLP
> 1828 L St., NW
> Suite 500
> Washington, DC 20036
> jclifford@cliffordgarde.com
>
> C. Michael Tarone
> Tarone Law Firm
> 1828 L Street, NW
> Suite 500
> Washington, DC 20006
> cmtaronelaw@hotmail.com
>
> Elizabeth Torphy-Donzella
> Alexander I. Castelli
> SHAWE ROSENTHAL LLP
> One South Street, Suite 1800
> Baltimore, Maryland 21202
> etd@shawe.com
> aic@shawe.com

>      */s/ Melvin A. Todd*
>      Melvin A. Todd