UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOSE ANTONIO AROCHI,<br><br>    Plaintiff/Cross-Defendant,<br><br>    v.<br><br>NOVAK DRUCE CONNOLLY BOVE<br>& QUIGG, LLP, et al.,<br><br>    Defendants/Cross-Plaintiffs. | Case Nos. 18-cv-02266 (APM)<br>19-cv-02694 (APM) |

**ORDER**

There are multiple discovery-related motions pending before the court. As to these matters, the court rules as follows:

1.  Plaintiff's Motion to Compel, ECF No. 70, is denied for the reasons stated during the hearing held on August 24, 2020.

2.  Plaintiff's Emergency Motion to Compel, ECF No. 82, is denied as moot for the reasons stated during the hearing held on August 24, 2020, and during subsequent hearings. In short, Defendants have preserved the data stored in the Azure Cloud Computing Service ("Azure database") and have not moved it to the "static environment" that Plaintiff feared would result in data loss.

3.  Plaintiff's Motion to Compel compliance with the subpoena directed at Jason Rudd, ECF No. 83, is denied as moot. Defendants represent that they "have produced all documents that they have received from Mr. Rudd through their prior counsel," Defs.' Resp. in Opp'n to Pl.'s Mot. to Compel Documents Subpoenaed by Pl., ECF No. 87, at 3, and that they "review[ed] the produced Rudd documents for privilege and no such reviewed documents were withheld," *id.* at 3

n.2. Defendants also represent that they "asked Mr. Rudd to submit a privilege log on any possible documents he withheld." *Id.* The court presumes from Defendants' response that Mr. Rudd produced no such privilege log, but if the court's assumption is incorrect, they shall produce such privilege log to Plaintiff.

4. Plaintiff's Motion to Compel Defendants to cooperate in the Rule 26(f) conference process, ECF No. 84, is denied. The court has held multiple hearings concerning electronic discovery and, in the course of those hearings, ordered Defendants to meet and confer with Plaintiff on multiple occasions. Defendants have complied with the court's orders.

5. Defendants' Motion to Compel the transcript of Jonathan Stroud, ECF No. 85, is granted for the reasons stated during the hearing held on September 24, 2020. Plaintiff's Motion to Strike, ECF No. 89, is denied.

6. Finally, over the course of multiple hearings between August 24, 2020, and September 24, 2020, the court has without success attempted to facilitate a resolution of the parties' dispute concerning a search of the Azure database. Having considered the facts presented during those hearings, as well as Defendants' Status Report, ECF No. 92 [hereinafter Status Report],[1] the court holds that Defendants are not required to search the Azure database for possible responsive records because such a search is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Under Rule 26, "discovery must be relevant *and* 'proportional to the needs of the case.'" *Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017) (quoting Fed. R. Civ. P. 26(b)(1)). Indeed, "all discovery is subject to the balancing test . . . that requires a court to limit the discovery 'otherwise allowed by these rules' if the burden outweighs its likely

---

[1] Plaintiff filed no additional status report concerning the Azure database search issue, despite the court's invitation to do so during the September 24, 2020, hearing.

benefit." *Intervet, Inc. v. Merial Ltd.*, 252 F.R.D. 47, 49 (D.D.C. 2008) (quoting Fed. R. Civ. P. 26(b)(2)(C)). To determine whether the likely benefit outweighs the burden or expense of the requested discovery, courts consider a number of factors: the importance of the issues at stake in the action; the amount in controversy; the parties' relative access to relevant information; the parties' resources; the importance of the discovery in resolving the issues; and the actual burden or expense of the requested discovery. *See Oxbow Carbon*, 322 F.R.D. at 6. "'[N]o single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional,' and all proportionality determinations must be made on a case-by-case basis." *Oxbow Carbon*, 322 F.R.D. at 6 (alteration in original) (quoting *Williams v. BASF Catalysts, LLC*, No. 11-cv-1754, 2017 WL 3317295, at *4 (D.N.J. Aug. 3, 2017)).

Compelling Defendants to search the Azure database in this case would impose a burden that far outweighs its likely benefit. The cost of just *processing* the Azure database, which has an estimated volume of 14 terabytes of data, for searches will cost over $1 million. *See* Status Report, Ex. A, ECF No. 92-1, at 5.[2] That dollar total does not even include the costs associated with data collection, data hosting, document review, and document production. *See id.* Thus, the true cost of searching the Azure database could easily approach $1.5 million, if not more. Over multiple hearings the court urged Plaintiff to develop search strings and identify records custodians that might reduce the cost of searching the Azure database, but he failed to come up with a cost-effective alternative. *See* Draft Hr'g Trs., 9/9/20, 9/17/20, 9/24/20.

These costs substantially outweigh the potential recovery in this case. Plaintiff alleges that he is owed just north of $125,000 in unpaid wages, *see* Compl., ECF No. 1, ¶ 40, and even taking account of possible liquidated damages, he seeks to recover slightly more than $500,000, *see id.*

---

[2] For ease of reference, this citation uses ECF pagination.

at 15 ¶ 7.  Thus, the cost of searching the Azure database exceeds the possible recovery in this case by a multiple of at least three.

Nor can a search of the Azure database be justified by its potential output.  As Defendants explained during the various hearings, in response to Plaintiff's document demands, they searched the law firm-issued laptops of seven custodians—the four named defendants and three others—and produced the responsive documents that they found (including emails).  A search of the Azure database is likely to be largely duplicative of these searches.  The Azure cloud environment is simply storing the law firm's network, and the searched laptops were backed up to the network.  It is therefore unlikely that a search of the Azure database will produce unique records.  The court repeatedly has invited Plaintiff to demonstrate otherwise, and he has failed to do so.  In the end, not only will the expense of searching the Azure database significantly exceed Plaintiff's hoped-for recovery in this case, the search itself is not likely to produce meaningful, non-duplicative discovery.

Accordingly, the court will not require Defendants to search the Azure database for relevant documents.

Dated:  October 19, 2020

Amit P. Mehta
United States District Court Judge